IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH BAZE, <br> Dall. Cnty. Jail BookIn No. 22041440, <br><br> Petitioner, <br><br> V. <br><br> STATE OF TEXAS, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> No. 3:23-cv-527-C-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Kenneth Baze, now an inmate at the Dallas County jail, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking his 2018 Dallas County conviction for third degree stalking, which resulted in a sentence of three years of imprisonment, *see State v. Baze*, F-1831092-N (195th Jud. Dist. Ct., Dall. Cnty., Tex. Sept. 7, 2018); Dkt. No. 3 at 1 (the 2018 Conviction).

Senior United States District Judge Sam R. Cummings referred Baze's habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons and to the extent set out below, the Court should dismiss the federal habeas challenge under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

**Legal Standards and Analysis**

Habeas Rule 4 allows a district court to summarily dismiss a habeas

application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes)).

### I. The Court lacks jurisdiction over the habeas petition because the 2018 Conviction is no longer open to collateral attack in its own right.

Habeas Rule 4 authorizes the Court to consider whether Baze is "in custody" under a state criminal judgment that he now challenges. If he is not, the Court lacks jurisdiction to consider his collateral challenge to that conviction. *See, e.g.*, *Claybon v. Texas*, No. 3:16-cv-2479-K-BN, 2016 WL 5793767, at *2-*3 (N.D. Tex. Aug. 29, 2016) (citing *Brown v. Wenerowicz*, Civ. A. No. 13-430, 2013 WL 2404152 (W.D. Pa. May 31, 2013); *Yuen v. Lee*, No. 3:09CV-P919-S, 2010 WL 299277 (W.D. Ky. Jan. 19, 2010)), *rec. accepted*, 2016 WL 5717532 (N.D. Tex. Sept. 28, 2016).

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), "[a] habeas petitioner may seek relief from a state court judgment only if he is '"in custody" under the conviction or sentence under attack at the time his petition is filed.'" *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).

This jurisdictional requirement "can be satisfied by certain non-criminal judgments, including civil commitment orders." *Id.* (citing *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *Francois v. Henderson*, 850 F.2d 231, 232 (5th Cir. 1988)).

And a petitioner need not be physically confined to be "in custody" for the purpose of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration."); *accord Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir. 1985) ("It is well settled that a habeas corpus petitioner meets the statutory 'in custody' requirements when, at the time he files the petition: (1) he is in custody pursuant to the conviction he attacks or (2) he is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks." (citations omitted)). *But see Carter*, 722 F.2d at 1129 ("The court's jurisdiction does not continue, and a petitioner does not meet the statutory 'in custody' requirement, however, when he (1) files the petition while in custody pursuant to a conviction that is positively and demonstrably related to the conviction he attacks, and (2) later is discharged from custody on that related offense before the petition is finally adjudicated." (citing *Escobedo v. Estelle*, 655 F.2d 613 (5th Cir. Unit A Sept. 1981))).

Even so, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490

U.S. at 492; *see also Hendrix v. Lynaugh*, 888 F.2d 336, 337-38 (5th Cir. 1989) (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Records from Dallas County reflect that Baze is now detained pretrial after being indicted for unlawful possession of a firearm by a felon, an indictment that relies on the 2018 Conviction now challenged under Section 2254. *See State v. Baze*, F2215034 (Crim. Dist. Ct. No. 1, Dall. Cnty., Tex.).

Relatedly, the "'in custody' requirement is satisfied when a habeas petitioner attacks an expired conviction used to enhance his current punishment if the § 2254 petition can be read as a challenge to the current conviction." *Godfrey v. Dretke*, 396 F.3d 681, 684 (5th Cir. 2005) (citing *Maleng*, 490 U.S. at 490-91).

But, "[i]f the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the 'in custody' requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition." *Acosta v. Texas*, No. 16-50883, 2017 WL 4574617, at *1 (5th Cir. June 6, 2017) (Dennis, J. ord.) (citing *Maleng*, 490 U.S. at 492; *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) ("once a state conviction is no longer open to direct or collateral attack in its own right ... the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence on the

ground that the prior conviction was unconstitutionally obtained")).

For the reasons explained below, the statute of limitations as to a Section 2254 challenge to the 2018 Conviction expired long ago. So this "state conviction is no longer open to direct or collateral attack in its own right." *Coss*, 532 U.S. at 403; *see, e.g., Archie v. Davis*, No. 4:16-CV-2204, 2017 WL 6761926, at *3-*4 (S.D. Tex. Sept. 28, 2017). And, because Baze was represented by counsel during the proceedings related to the 2018 Conviction – and thus the *Gideon v. Wainwright*, 372 U.S. 335 (1963), exception to the rule of conclusive validity does not apply, *see* Coss, 532 U.S. at 404 – the Court lacks jurisdiction over Baze's current challenge to the 2018 Conviction, *see Archie*, 2017 WL 6761926, at *4.

Before moving to limitations, the undersigned notes that the posture of this habeas challenge is further complicated by that Baze is detained pretrial, so his federal habeas petition may not be construed as an attack on a subsequent state sentence under Section 2254. Even so, "'a state prisoner who is not in custody pursuant to a state court judgment'" – such as one who is in "'pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction'" – may "take advantage of [28 U.S.C.] § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)). But, because the 2018 Conviction is no longer open to collateral attack in its own right under the statute of limitations, the Court need not further consider any procedural complications caused by potentially embedding a Section 2254 attack in a Section 2241 petition.

## II. The 2018 Conviction is no longer open to collateral attack in its own right because the statute of limitations expired before Baze filed this habeas application.

While "the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (cleaned up; quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

Under the circumstances here, these findings, conclusions, and recommendation provide Baze fair notice, and the opportunity to file objections to them (further explained below) affords a chance to present to the Court his position as to the limitations concerns explained below. *See, e.g.*, *Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J.,

dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case,"

*Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of

innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)]*, means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

Baze did not appeal the 2018 Conviction. So this state criminal judgment became final for federal-limitations purposes on the thirtieth day after it was imposed (on September 7, 2018) that was not a Saturday, Sunday, or legal holiday – which was Monday, October 8, 2018. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a).

And, while the limitations period was briefly tolled under Section 2244(d)(2) during the pendency of Baze's state habeas application, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court

without a hearing, *see Ex parte Baze*, WR-75,732-04 (Tex. Crim. App. Jan. 30, 2019), the current Section 2254 application, filed no sooner than February 27, 2023, *see* Dkt. No. 3 at 15, was nevertheless filed years too late and should be denied as untimely under Section 2244(d)(1)(A) absent tolling of the limitations period.

But Baze neither explains how another provision of Section 2244(d)(1) could apply here, nor advances a claim of tolling under the narrow actual innocence gateway, nor makes allegations that could establish either prong of equitable tolling – that he pursued his rights diligently and that an extraordinary circumstance beyond his control prevented the timely filing of the federal petition.

The Court should therefore dismiss the Section 2254 petition as time barred.

### Recommendation and Directions to Clerk

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Kenneth Baze's 28 U.S.C. § 2254 habeas application. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 31, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE